UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DESHAUN ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00096-JRS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Without Prejudice
Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Deshaun Anderson filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. He contends that he is entitled to 240 days' credit time under the First Step Act ("FSA"). *See* dkt. 1-1 at 18. For the reasons that follow, Mr. Anderson's petition must be **dismissed without prejudice**.

**I. Factual and Procedural Background**

In June 2017, Mr. Anderson pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a). *United States v. Anderson*, 1:17-cr-00093-PLM-1, dkt. 23 (W.D. Mich.). He was sentenced to 144 months' imprisonment, *see id.*, dkt. 41, but that sentence was reduced to 60 months' imprisonment in July 2019, *id.*, dkt. 54. He was released in January 2022, *see* Federal Bureau of Prisons, *Inmate Locator*, *available at* www.bop.gov/inmateloc (last visited March 30, 2022), and he is currently serving his

four-year term of supervised release, *United States v. Anderson*, 1:17-cr-00093-PLM-1, dkt. 54 at 3.[1]

Prior to his release from incarceration, Mr. Anderson filed this petition for a writ of habeas corpus under § 2241, arguing that he was entitled to 240 days of credit time under the FSA. *See* dkt. 1-1 at 18. The respondent contends that Mr. Anderson is not entitled to relief because (1) he failed to exhaust his available administrative remedies; (2) he lacks standing; and (3) he is not entitled to the credit time he claims. Dkt. 7 at 4-12.

## II. Standard of Review

For offenses committed after November 1, 1987, the Attorney General is responsible for calculating a federal inmate's period of incarceration for the sentence imposed and for providing credit for time served. 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated that authority to the Bureau of Prisons ("BOP"). 28 C.F.R. § 0.96. An inmate may challenge the BOP's computation of his sentence under § 2241. *United States v. Scott*, 775 F. App'x 252, 253 (7th Cir. 2019) ("A petition for a writ of habeas corpus is the right way to contest the Bureau of Prisons's calculation of the time remaining on a federal sentence."); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241.").

## III. Discussion

In December 2018, Congress enacted the FSA, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The portions relevant to Mr. Anderson's petition are codified at 18 U.S.C. §§ 3631-3635. Under § 3632(d), federal inmates may earn incentives and rewards for participating in and completing

---

[1] Because Mr. Anderson is serving a term of supervised release, his release from incarceration does not automatically moot his § 2241 petition. *See Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018).

2

"evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). These incentives and rewards include increased phone and visitation privileges, transfer to a facility closer to an inmate's home, and credit time. *Id.* However, an inmate may not earn credit time for programs completed prior to the date the FSA was enacted, December 21, 2018. *Id.* § 3632(d)(4)(B)(i).

Mr. Anderson asserts that he is entitled to credit time because he has obtained his GED, he "successfully completed six ACE classes [and] a drug education class, and he obtained a forklift license. Dkt. 1-1 at 18; *see also* dkt. 8 at 2. The respondent contends that Mr. Anderson's § 2241 petition should be dismissed because he has not exhausted his administrative remedies. Dkt. 7 at 4-8. Mr. Anderson does not address the exhaustion argument in his reply. Dkt. 8.

Before an inmate can seek relief under § 2241, he must exhaust the BOP's administrative remedy procedures. *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). The exhaustion requirement arises from common law. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). A court may excuse the failure to exhaust if: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Although exceptions to the exhaustion requirement might be available, "the hurdle is high." *Richmond*, 387 F.3d at 604. Courts "must balance the individual and institutional interests involved, taking into account the nature of the claim presented and the characteristics of the particular administrative procedure provided." *Gonzalez*, 355 F.3d at 1016 (cleaned up).

Construing the record in the light most favorable to Mr. Anderson, he initiated the administrative remedy process by filing a BP-9 on February 1, 2021. Dkt. 1-1 at 31. It is

undisputed, however, that he took no further steps to complete the administrative remedy process. Rather, he filed this § 2241 petition less than two weeks after filing his BP-9 and before he received a response to it.[2] *See* dkt. 1-1 at 28-29 (petition signed and mailed on February 11, 2021). Mr. Anderson thus failed to exhaust the administrative remedy process and may proceed only if he can clear the high hurdle of demonstrating that an exception applies. *See Richmond*, 387 F.3d at 604.

The Court is unpersuaded by Mr. Anderson's argument that an exception should apply. First, to the extent he argues that time is of the essence, *see* dkt. 1-1 at 25-26, "the press of time is [his] fault," *Richmond*, 3876 F.3d at 604. Mr. Anderson does not provide a reason why he waited until February 2021 to assert his entitlement to credit time under the FSA. The record supports a conclusion that Mr. Anderson completed a course that could qualify as a productive activity in May 2019, *see* dkt. 7-1 at 13 (showing completion of drug education) *and id.* at 53 (listing drug education as a productive activity), yet he waited almost two years to request credit for completing that activity. Mr. Anderson "cannot manufacture exigency by tarrying." *Richmond*, 387 F.3d at 604.

Nor has Mr. Anderson established that any of the other exceptions apply. There is no evidence that the BOP could not resolve his complaint or provide the requested relief, and Mr. Anderson does not assert that exhaustion is futile due to the BOP's bias or prior determination of the issue. Because he filed this § 2241 petition so quickly after submitting a BP-9, he did not give the BOP an opportunity to address the issue. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (finding no abuse of discretion when district court dismissed § 2241 petition for failure

---

[2] Mr. Anderson challenges the BOP's failure to respond to his BP-9, dkt. 1-1 at 25, but he did not allow sufficient time for the BOP to respond, *see* 28 C.F.R. § 542.18 (requiring prison officials to respond to a BP-9 within 20 calendar days of receipt).

to exhaust when district court "decided that [petitioner] must ask the BOP first for whatever it is he wants and give the BOP an opportunity to decide whether it is empowered or persuaded to do anything for him") Finally, Mr. Anderson acknowledges that the last exception—the issue presents substantial constitutional questions—does not apply. *See* dkt. 1-1 at 26 (arguing that his petition presents "a pure question of statutory interpretation").

Because Mr. Anderson did not exhaust his administrative remedies and has not persuaded the Court that an exception applies, his § 2241 petition must be dismissed without prejudice. *See Vieth v. Williams*, No. 21-cv-170-JPG, 2021 WL 5177567, at *4 (S.D. Ill. Nov. 8, 2021) (dismissing § 2241 petition without prejudice for failure to exhaust administrative remedies).

### IV. Conclusion

Mr. Anderson failed to exhaust his administrative remedies and thus his petition for a writ of habeas corpus is **dismissed without prejudice**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/4/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DESHAUN ANDERSON
2167 Glencoe Hills Dr.
Apt. 201
Ann Arbor, MI 48108

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov